IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNY WILSON, on behalf of ) | |
| herself and all others similarly situated, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | No. 3:07-0069 |
| ) | Judge Nixon |
| GUARDIAN ANGEL NURSING, INC., ) | Magistrate Judge Bryant |
| a Tennessee Corporation; GUARDIAN ) | |
| ANGEL NURSING, INC., a Mississippi ) | |
| Corporation; ON-CALL STAFFING ) | |
| OF TENNESSEE, INC., and ON-CALL ) | |
| STAFFING, INC.; LEAWOOD, INC.; ) | |
| E.L. GARNER, JR.; ) | |
| and E.L. GARNER III, ) | |
| ) | |
| *Defendants*. ) | |

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss for Improper Venue ("Defendants' Motion") (Doc. No. 78). Plaintiff Jenny Wilson signed a contract with Defendant On-Call Staffing, Inc. which contains a forum-selection clause. (Doc. No. 78, Attachment 1 at 3). That clause requires that "any action to enforce any provision of this agreement" be filed in a court "located in or having jurisdiction over Panola County, Mississippi." (Doc. No. 21, Attachment 1 at 8). On the basis of this clause, Defendants argue that venue in this Court is improper and warrants dismissal under Federal Rule of Civil Procedure 12(b)(3). (Doc. No. 78 at 3). For the reasons set forth below, this Court **DENIES** Defendants' Motion.

-1-

**I.   Defendants Waived Venue by Filing an Answer in Advance of Defendants' Motion.**

Venue is a privilege for the convenience of the defendant.  Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167 (1939);  CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3829 (3d ed. 2008).  As such, it may be waived "by failing seasonably to assert it."  Hoffman v. Blaski, 363 U.S. 335, 343 (1960); Fed. R. Civ. P. 12(h)(1).  To avoid waiver, an objection of improper venue must be raised either in the defendant's answer, or by pre-answer motion to dismiss.  FED. R. CIV. P. 12(b), 12(h)(1); Commercial Cas. Ins. Co. v. Consol. Stone Co., 278 U.S. 177, 179-80 (1929).  The purpose of this rule is "to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions."  Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 701 (6th Cir. 1978).

Defendants in this case have waived venue.  On March 30, 2007, Defendants filed an Answer which addressed Plaintiffs' Complaint (Doc. No. 1) on the merits.  (Doc. No. 10).  Defendants' Answer did not allege a defense of improper venue.  It appears that this oversight was caught when Defendants changed counsel in this matter.  (Doc. No. 44 at 3).  Defendants filed a Motion for Leave to Amend Answer on June 27, 2007, for the purpose of adding a defense of improper venue.  (Doc. No. 43).  This Motion was denied by Magistrate Judge John S. Bryant on July 13, 2007.  (Doc. No. 52).  Defendants filed Objections to Magistrate Judge Bryant's Order on July 19, 2007, (Doc. No. 57), but that Order was affirmed by Order of this Court dated September 5, 2007.  (Doc. No. 85).  In the interim between Magistrate Judge Bryant's Order and its affirmation by this Court, Defendants filed the Motion to Dismiss for Improper Venue which is the subject of this Order.  (Doc. No. 78).  Because Defendants did not

assert venue until over four (4) months after contesting Plaintiff's Complaint on the merits, the privilege of venue is waived.

**II.     Defendants' Motion Has No Basis in Statutory Law.**

Even if Defendants had not waived venue, Defendants' Motion must be denied. Defendants cite Federal Rule of Civil Procedure 12(b)(3) as the legal basis for dismissal on grounds of improper venue in this case. (Doc. No. 78, Attachment 1 at 3). Rule 12(b)(3) is the procedural vehicle by which dismissal for improper venue may be effected; however, it is not the legal basis for dismissal. Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 538 (6th Cir. 2002). The requirements of venue are controlled by statute. Id. Defendants' Motion falls under 28 U.S.C. § 1406(a), which states that, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, the question under § 1406(a) is whether venue was "wrong" as selected by the Plaintiffs.

Defendants argue that venue is "wrong" in this case because Plaintiff Jenny Wilson signed a contract with Defendant On-Call Staffing, Inc. which contained a forum-selection clause (Doc. No. 78, Attachment 1 at 3) requiring that "any action to enforce any provision of this agreement" be filed in a court "located in or having jurisdiction over Panola County, Mississippi." (Doc. No. 21, Attachment 1 at 8).[1]

The Sixth Circuit has explicitly stated that it does not consider a forum-selection clause

---

[1] The parties disagree as to whether Plaintiffs' action under § 216(b) of the Fair Labor Standards Act is an "action to enforce any provision of this agreement", and thus whether the forum-selection clause has any bearing on this litigation. Because Defendants' Motion is decided on other grounds, the Court does not reach this issue.

-3-

capable of rendering venue improper under § 1406(a). In Blue Ash Dev., Inc. v. Polan, the Sixth Circuit interpreted the Supreme Court decision in Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988) as follows:

> [i]t does not appear under *Ricoh* that a forum selection clause makes the venue "wrong" for *§ 1406(a)* purposes when the action is filed in a district other than that specified in the clause. *Ricoh* suggests that *§ 1406(a)* applies mainly to those situations when the action is initially brought in a division or district where the *statutory* requirements for venue (*28 U.S.C. § 1391*) have not been met.

Polan, 1996 WL 1828, at *1 n.1 (6th Cir. 1996) (emphasis in original). This proposition was reaffirmed by the Sixth Circuit in Kerobo. 285 F.3d at 535 ("whether a forum-selection clause should be enforced is a matter of contract, not an issue of proper venue"). Because Plaintiffs' choice of venue is proper under 28 U.S.C. § 1391,[2] Defendants have no basis for dismissal under § 1406(a).[3]

Defendants might have argued for transfer of this action under 28 U.S.C. § 1404(a), which authorizes a district court to transfer any civil action to any district or division having jurisdiction "[f]or the convenience of the parties and witnesses, in the interest of justice." This Court is, in fact, empowered to transfer a case sua sponte under § 1404(a). Carver v. Knox

---

[2] § 1391(b) permits a choice of venue in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Plaintiffs are suing under the Fair Labor Standards Act for failure to pay overtime in the course of their work as licensed practical nurses. (Doc. No. 1). Representative Plaintiff Jenny Wilson lived and worked for Defendants in the Middle District of Tennessee. (Doc. No. 21).

[3] It may be proper to dismiss a claim for improper venue under § 1406(a) on the basis of a forum-selection clause in circumstances where the particular forum-selection clause denies that any federal court is proper. Kerobo, 285 F.3d at 535-36 (distinguishing Shell v. R.W. Sturge, Ltd., 55 F.3d 1227(6th Cir. 1995), on the grounds that transfer under 28 U.S.C. § 1404(a) is not possible where the forum selection clause denies the propriety of any federal court); see Viron Int'l Corp. v. Boland, 2002 U.S. Dist. LEXIS 4917, at *13-16 (W.D. Mich. 2002). However, the forum-selection clause in this case specifically permits choice of venue in federal court.

-4-

County, 887 F.2d 1287, 1291 (6th Cir. 1989). However, analysis under § 1404(a) requires consideration of a number of factors, including the private interest of the parties, the convenience of the witnesses, and systemic integrity and fairness. Ricoh, 478 U.S. at 30. Because Defendants did not plead under § 1404(a), there has been insufficient briefing on these factors for the Court to rule sua sponte. Moreover, what little is before the Court suggests that transfer would be improper, given that Plaintiffs have amassed a substantial group of litigants in Tennessee where they have retained counsel, and which counsel have carried this action through the bulk of pre-trial litigation. (Doc. No. 80 at 4).

**III.  Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss for Improper Venue (Doc. No. 78) is **DENIED**.

It is so ORDERED.

Entered this the _____ day of June, 2007.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT